UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORALEN CONNER,<br><br>    Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,<br>Commissioner of Social Security,<br><br>    Defendant. | No. EDCV 16-485-AGR<br><br>MEMORANDUM OPINION AND ORDER |

      Plaintiff Loralen Conner filed this action on March 17, 2016.  Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the magistrate judge.  (Dkt. Nos. 11, 12.)  On October 27, 2016, the parties filed a Joint Stipulation ("JS") that addressed the disputed issue.  The court has taken the matter under submission without oral argument.

      Having reviewed the entire file, the court reverses the decision of the Commissioner and remands for reconsideration of Dr. Pequeno's opinions during the period beginning March 2013 and further proceedings as appropriate.

# I.

## PROCEDURAL BACKGROUND

On November 30, 2012, Conner filed an application for supplemental security income benefits, alleging an onset date of February 1, 2005. Administrative Record ("AR") 11. The application was denied initially and on reconsideration. AR 189-90, 208. Conner requested a hearing before an ALJ. On July 9, 2014, the ALJ conducted a hearing at which Conner and a vocational expert ("VE") testified. AR 25-51. On October 28, 2014, the ALJ issued a decision denying benefits. AR 8-20. On March 2, 2016, the Appeals Council denied the request for review. AR 1-3. This action followed.

# II.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has authority to review the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995) (per curiam); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523. In determining whether substantial evidence exists to support the Commissioner's decision, the court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. When the evidence is susceptible to more than one rational interpretation, the court must defer to the Commissioner's decision. *Moncada*, 60 F.3d at 523.

# III.

# DISCUSSION

### A. Disability

A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003) (citation and quotation marks omitted).

### B. The ALJ's Findings

Following the five-step sequential analysis applicable to disability determinations, *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006),[1] the ALJ found that Conner had the following severe impairments: discogenic lumbar disease; hypertension; high cholesterol; diabetes mellitus; gastroesophageal reflux disease; osteoarthritis in the left knee; osteoporosis; migraine headaches; calcaneal spurs and arthritic changes in the bilateral feet; asthma; hypothyroidism; left carpal tunnel syndrome; status post left carpal tunnel release; obesity; depression; schizoaffective disorder; bipolar disorder; and PTSD ("post traumatic stress disorder"). AR 14.

The ALJ found that Conner had the residual functional capacity ("RFC") to perform sedentary work except that she can occasionally climb ramps and stairs; never climb ladders, ropes and scaffolds; occasionally balance, stoop, kneel, crouch and crawl; and occasionally use her lower extremities for operation of foot controls. She must concentrated exposure to extreme heat, extreme cold, fumes, odors, dusts, gases

---

[1] The five-step sequential analysis examines whether the claimant engaged in substantial gainful activity, whether the claimant's impairment is severe, whether the impairment meets or equals a listed impairment, whether the claimant is able to do his or her past relevant work, and whether the claimant is able to do any other work. *Lounsburry*, 468 F.3d at 1114.

and poor ventilation.  She must avoid working around unprotected heavy machinery or unprotected heights.  AR 15.  She can understand, remember and carry out simple job instructions but would be unable to perform work that requires directing others, abstract thought or planning.  She can maintain attention and concentration to perform simple, routine and repetitive tasks.  She can have occasional interaction with coworkers and supervisors, and no direct interaction with the general public.  She can work in an environment with occasional changes to the work setting and occasional work-related decisionmaking.  AR 15-16.

The ALJ concluded that there are jobs in significant numbers in the national economy that Conner can perform such as addresser, table worker and sticker.  AR 19.

**C.     Treating Physician**

Conner contends the ALJ erred in evaluating the opinion of her treating psychiatrist, Dr. Pequeno.

An opinion of a treating physician is given more weight than the opinion of non-treating physicians.  *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007).  To reject an uncontradicted opinion of a medically acceptable treating source, an ALJ must state clear and convincing reasons that are supported by substantial evidence.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).  When a treating physician's opinion is contradicted by another doctor, "the ALJ may not reject this opinion without providing specific and legitimate reasons supported by substantial evidence in the record.  This can be done by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings."  *Orn*, 495 F.3d at 632 (citations and quotation marks omitted).  "When there is conflicting medical evidence, the Secretary must determine credibility and resolve the conflict."  *Thomas v. Barnhart*, 278 F.3d 947, 956-57 (9th Cir. 2002) (citation and quotation marks omitted).

The ALJ found that Conner can understand, remember and carry out simple job instructions; maintain attention and concentration to perform simple, routine and

4

repetitive tasks; occasionally interact with coworkers and supervisors; and work in an environment with occasional changes to the work setting and occasional work-related decisionmaking. She cannot perform work that requires directing others; abstract thought or planning; or direct interaction with the general public. AR 15-16.

On March 20, 2013, Dr. Pequeno completed a Mental Disorder Questionnaire. AR 542-48. He opined that Conner is oriented and has no illogical association of ideas. She has slight impairment in her memory, hallucinations, affect and blocking. AR 543. She has moderate impairment in delusions, autistic or regressive behavior, judgment, daily activities, deterioration of personal habits and performing simple and repetitive tasks. AR 543-44. She has severe impairment in her ability to relate to others; constriction of interests; understand, remember and carry out instructions; respond to supervision; respond to coworkers; respond to work pressures; and perform complex and varied tasks. AR 544.

The ALJ gave "little weight" to Dr. Pequeno's opinions because they were not fully supported by treatment records. AR 18. The ALJ noted that the emergency room records during the period 2010-2013 indicated Conner exhibited normal behavior and was able to perform activities of daily living without assistance. AR 14, 374, 389, 414, 425, 452, 467, 491, 513, 524, 892, 899, 909, 926. The ALJ's conclusion that Dr. Pequeno's treatment records prior to March 2013 are inconsistent with his opinions is supported by substantial evidence.[2]

During the period September 2012 – January 2013, Conner reported anticipatory anxiety, panic attacks and low mood. Her application for SSI benefits was denied. A

---

[2] During the period prior to September 2012, Dr. Pequeno assessed that Conner had Global Assessment of Functioning ("GAF") scores in the 60s. A GAF of 61-70 indicates "some mild symptoms (e.g., depressed mood and mild insomnia) or some difficulty in social, occupational, or school functioning (e.g., occasional truancy, or theft within the household), but generally functioning pretty well, has some meaningful interpersonal relationships." DSM-IV-TR 34.

5

close family member was sentenced to 30 years in prison for rape. She had no suicidal ideation, no psychosis, no hallucinations, no paranoia, no confusion and no thought disorder. Dr. Pequeno assessed a GAF score of 56[3] and changed Conner's medications. AR 721-24.

During the period March 2013 through March 2014, the date of the most recent mental health treatment records, Dr. Pequeno noted very mild intermittent auditory hallucinations and social isolation. In March 2013, Conner's mood had lifted. However, she had moderate anxiety, which was not well controlled with medications. Her GAF was 58. AR 720. In April 2013, Dr. Pequeno noted paranoid thinking, anger and mild suspiciousness. AR 718. In May 2013, Dr. Pequeno noted intermittent paranoid thinking, increased anxiety and auditory hallucinations. AR 717. In July 2013, Dr. Pequeno noted very mild auditory hallucinations and panic attacks. AR 861. In September 2013, Dr. Pequeno noted social isolation, and very mild hallucinations with no auditory commands. AR 860. In October 2013, Pequeno noted that Conner reported 3-4 panic attacks per week, anger and emotional distress at home. AR 859. In December 2013, Conner reported that she was working on improving social interactions but felt safer with her mother who was always around her. Dr. Pequeno noted very mild intermittent auditory hallucinations with no auditory commands. AR 858. In February 2014, Dr. Pequeno noted social isolation with very mild intermittent hallucations. AR 857. In March 2014, Dr. Pequeno noted very mild auditory hallucinations and mood swings. AR 855. During this period, the ALJ's conclusion that Dr. Pequeno's treatment records are inconsistent with his opinions is not supported by substantial evidence. Her hallucinations, even if described as "very mild", and social

---

[3] A GAF of 51-60 indicates moderate symptoms "(e.g., flat affect and circumstantial speech, occasional panic attacks) or moderate difficulty in social, occupational, or school functioning (e.g., no friends, unable to keep a job)." Diagnostic and Statistical Manual of Mental Disorders ("DSM-IV-TR") 34.

isolation may result in moderate to severe impairments on her ability to work on a sustained basis.

A court abuses its discretion if it remands for payment of benefits when factual issues remain unresolved. *Treichler v. Comm'r*, 775 F.3d 1090, 1100, 1101 n.5 (9th Cir. 2014). Remand for payment of benefits is appropriate only when "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Id.* at 1103. Payment of benefits is appropriate only when the record shows that a claimant actually is disabled, even if the *Treichler* factors are satisfied. *Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014); *Strauss v. Comm'r*, 635 F.3d 1135, 1138 (9th Cir. 2011) ("claimant is not entitled to benefits . . . unless the claimant is, in fact, disabled, no matter how egregious the ALJ's errors may be").

It is not clear that the record has been fully developed during the period beginning March 2013. Dr. Pequeno notes that Conner is receiving individual therapy at the clinic, but no notes are included in the record. No psychological consultative examination was performed. The court remands the matter to the Commissioner for reconsideration of Dr. Pequeno's opinions and further proceedings as appropriate.

## IV.

## ORDER

IT IS HEREBY ORDERED that the decision of the Commissioner is reversed and remanded for reconsideration of Dr. Pequeno's opinions during the period beginning March 2013 and further proceedings as appropriate.

IT IS FURTHER ORDERED that the Clerk serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: November 21, 2016

ALICIA G. ROSENBERG
United States Magistrate Judge